RECEIVED
AUG 14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| ANDRE' BLAAUW | * | **6:06-CV-1380 LO** |
| VERSUS | * | **JUDGE MELANCON** |
| SUPERIOR OFFSHORE INTERNATIONAL, LLC | * | **MAGISTRATE JUDGE HILL** |

***************************************************************************

**SUIT UNDER THE JONES ACT and GENERAL MARITIME LAW**

NOW INTO COURT, through undersigned counsel, comes petitioner, **ANDRE' BLAAUW,** a resident of the full age of majority of SOUTH AFRICA, presently residing in Louisiana, who respectfully represents:

1.

This case is cognizable under the Admiralty and Maritime jurisdiction pursuant to the Jones Act (46 U.S.C.A. § 688) and the General Maritime Law of the United States of America. Furthermore, this is an admiralty and maritime claim falling within the purview of Rule 9(h) of the Federal rules of Civil Procedure. Petitioner elects a non-jury trial.

2.

Made defendant herein is:

(A) **SUPERIOR OFFSHORE INTERNATIONAL, LLC,** (hereinafter referred to as **"SUPERIOR"**), a domestic LLC authorized to do and doing business in the State of Louisiana, with its principal place of business located at 225 Gunther Rd., Belle Chase, LA. 70037, and whose registered agent for service of process is R. Joshua Koch, Jr., 3838 N. Causeway Blvd., Suite 3010, Metairie, LA. 70002.

3.

Defendant **"SUPERIOR"**, is justly and truly indebted unto petitioner, **ANDRE' BLAAUW**, for all damages that are reasonable in the premises, for the following to-wit:

4.

That on or about June 17, 2006, petitioner was permanently employed by and actually working within the course and scope of his employment for defendant as a commercial diver aboard a dive support vessel, **"SUPERIOR ENDEAVOUR,"** owned and operated by defendant on the navigable waters of the Gulf of Mexico off the Louisiana coast.

5.

At all times mentioned hereinafter, petitioner was a seaman.

6.

That on or about June 17, 2006, petitioner while aiding in the accomplishment of the mission of the above-mentioned vessel, sustained severe disabling personal injuries to his left eye and other parts of his body and mind when a bungee cord, which had caught on the dive bell door, snapped as the dive bell door was being closed, striking petitioner in the left eye causing severe personal injuries to petitioner.

7.

The aforedescribed accident and personal injuries were caused as a direct result of the negligence of defendant, its agents, servants and/or employees or anyone else for whom it may be responsible and/or due to the unsafe and unseaworthy condition of the **"SUPERIOR"** dive support vessel, **"SUPERIOR ENDEAVOUR,"** its appurtenances and/or crew, in the following non-exclusive particulars:

a. Failing to provide petitioner a safe place to work;

b. Failing to properly supervise petitioner;

c. Failing to provide proper equipment and personnel;

d. Any other acts of negligence and/or unseaworthiness which may be proven at or before the trial of this matter.

8.

As a direct and proximate result of the aforementioned negligence of defendant, its agents, servants and/or employees or anyone else for whom it may be responsible, and/or due to the unseaworthy conditions of the **"SUPERIOR"** dive support vessel, its appurtenances, and/or crews, your petitioner has sustained severe and permanently disabling injuries which combine to cause the following pecuniary and non-pecuniary losses, to-wit:

a. Physical and mental pain and suffering, past, present and future;

b. Mental anguish and emotional distress, past, present and future;

c. Loss of wages and benefits and impairment of earning capacity, past, present and future;

d. Medical and pharmaceutical expenses, past, present and future;

e. Loss of enjoyment of life, past, present and future;

f. Permanent physical disability and impairment of bodily function, past, present and future.

All in amounts reasonable in the premises to be determined at the trial of this matter, plus legal interest and cost from the date of judicial demand until paid.

9.

Pursuant to the General Maritime Law of the United States of America, defendant has the absolute duty to provide petitioner with maintenance and cure benefits form the date petitioner was rendered unfit for duty until maximum cure is reached.

10.

As a result of the aforementioned accident on or about June 17, 2006, petitioner was rendered unfit for duty on that date and presently remains unfit for and incapable of returning to duty as a seaman.

11.

That the defendant is indebted unto petitioner for past and future maintenance and cure benefits due from June 17, 2006, until maximum cure is achieved, subject to a credit for any previous payments.

12.

Petitioner desires to prosecute this action, because of his poverty and want of means, he is unable to either pay the costs of this suit in advance or as they accrue, to give security therefore and desires to file and prosecute this action under the authority of 28 U.S.C.A. § 1916.

WHEREFORE, petitioner, **ANDRE' BLAAUW**, prays that defendant, **SUPERIOR OFFSHORE INTERNATIONAL, LLC**, be duly served with a copy of this petition and cited to appear and answer same within the delays provided by law and that after the expiration of all legal delays and due proceedings had, there be judgment rendered herein in favor of petitioner and against defendant for such damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

Further, for maintenance and cure benefits until maximum cure is achieved, with maintenance due at a daily rate to be found at trial, subject to credit for previous payments and all costs and expenses associated with the prosecution of this action;

Further, that petitioner be authorized to proceed in forma pauperis under the provisions of

28 U.S.C.A. § 1916; and,

Further, for all other just and equitable relief.

Respectfully submitted,

DOMENGEAUX WRIGHT ROY & EDWARDS

BY: ______________________________

**BOB F. WRIGHT**
Bar Roll No.13691
556 Jefferson Street, Suite 500
Post Office Box 3668
Lafayette, Louisiana 70502-3668
(337) 233-3033

Of Counsel:
Joseph W. Walker
**Franklin, Mosele and Walker, P.C.**
Federal Bar No. 15445
State Bar No. 00785168
Thomas J. Mosele
Texas Bar No. 14564900
4200 Westheimer, Suite 130
Houston, Texas 77027
(713) 840-7395
(713) 840-7448 fax

ATTORNEYS FOR PLAINTIFF

Bob F. Wright
James Parkerson Roy
Thomas R. Edwards*
James H. Domengeaux
Victor J. Versaggi
Jamie D. Parker**
Donald R. Cravins, Jr.
Brian C. Colomb*

*Special Counsel*
Terry E. Theriot*

* A Professional Law Corporation
** A Limited Liability Company

DOMENGEAUX
WRIGHT ROY
& EDWARDS
A Limited Liability Company

556 Jefferson Street
Jefferson Towers, Suite 500
Post Office Box 3668
Lafayette, Louisiana 70502-3668
Fax (337) 232-8213
Telephone (337) 233-3033

*www.WrightRoy.com*

James Domengeaux (1907-1988)
Judge Jerome E. Domengeaux (1919-1999)

New Orleans Office:
1515 Poydras Street
The Equitable Center
Suite 2350A
New Orleans, LA 70112
Telephone (504) 299-0070
(By Appointment)

*Of Counsel*
Thomas A. Budetti (*Worker's Compensation*)
William J. Ziegler, Jr. (*Social Security Disability*)

August 14, 2006

Clerk of Court
USDC - Western District
Lafayette-Opelousas Division
4900 John M. Shaw U.S. Courthouse
800 Lafayette Street
Lafayette, Louisiana 70501

RE: Andre' Blaauw v. Superior Offshore International, LLC

Dear Sir or Madam:

Enclosed please find the original and one copy of the Suit Under the Jones Act and General Maritime Law and also the Summons for process. Please file into the record and return a stamped copy to our office.

With warmest regards, I remain

Sincerely,
DOMENGEAUX WRIGHT ROY & EDWARDS

BOB F. WRIGHT

BFW/dss
Enclosures